IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | )| |
|---|---|---|
| PARK HOTELS & RESORTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 1:16-cv-1217-LO-MSN |
| | ) | |
| SPINNAKER RESORTS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Plaintiffs' Motion for Default Judgment as to Defendant Travel Smart Solutions, LLC (Dkt. No. 17). Having reviewed the record, the undersigned Magistrate Judge recommends granting the Motion in part for the reasons that follow.

**I.      Factual Background**

On September 26, 2016, Plaintiffs Park Hotels & Resorts, Inc., Hilton Grand Vacations Company, LLC, and Hilton International Holding, LLC (collectively "Hilton") filed a complaint against Defendants Spinnaker Resorts, Inc. and Travel Smart Solutions, LLC for alleged trademark infringement, trademark dilution, unfair competition, and false advertising, as well as state law claims of alleged unfair competition and tortious interference with business expectancy. *See* Compl. 1-2 (Dkt. No. 1). Plaintiffs are Delaware corporations offering vacation and timeshare services and products, with principle places of business in either Virginia or Florida. *Id.* ¶¶ 5-7, 13-16. Defendant Spinnaker Resorts, Inc., a Florida corporation with its principal place of business in South Carolina, is a timeshare developer that markets vacation and resort

packages to consumers. *Id.* ¶¶ 8, 30. Defendant Travel Smart Solutions, LLC, a Florida limited liability company with its principal place of business in Florida, is a third party telemarketing vendor that advertises and sells Spinnaker's vacation and resort packages. *Id.* ¶¶ 9, 31-32.

Plaintiffs allege that since its founding in 1919, Hilton "has been a prominent and respected global hospitality company for nearly one hundred years … invest[ing] substantial time, effort, and money in advertising and promoting its services under the Hilton brand and using distinctive Hilton marks … earn[ing] a reputation for quality and consistency in its hotel, resort, and timeshare services." Compl. ¶ 17 (Dkt. No. 1). "HILTON" and "HILTON GRAND VACATIONS" (collectively "Hilton marks") are registered marks. *Id.* ¶ 18 (citing Exs. 1-4). In sum, Plaintiffs allege that "[t]he goodwill of the Hilton name is worth a great deal, and those who invoke and trade on that goodwill receive a valuable benefit." Compl. ¶ 29 (Dkt. No. 1).

Plaintiffs assert that Defendants "intentionally target[ ] and market[ ] their products and services directly to Hilton customers through telemarketing and promotions" and "falsely informed them (i) that Defendants obtained their contact information and other personal information through a partnership with Hilton, (ii) that Defendants are associated with Hilton, and/or (iii) that Defendants purchased their contact and other personal information from Hilton." *Id.* ¶¶ 30, 33, 39. As a result of Defendants' false representations about their association with Hilton, Plaintiffs claim that "Hilton's customers have been confused and are likely to be confused about an affiliation between Hilton and Defendants." *Id.* ¶ 40. Despite Hilton's customers' alleged complaints about Defendants' solicitations and Hilton's cease and desist letters to Defendant Spinnaker Resorts, Inc., Hilton continued to receive customer complaints. *Id.* ¶¶ 42-43.

Plaintiffs contend that Defendants' deliberate and intentional "conduct has caused and will continue to cause irreparable injury because it diminishes the reputation of the HILTON

Marks and the valuable and inherent goodwill built in the Hilton brand." *Id.* ¶¶ 46, 48. Plaintiffs seek declaratory and injunctive relief, damages, profits, interest, attorneys' fees, and costs. *Id.* 18-21.

## II. Procedural Background

Defendant's corporate employee was served in person by a special process server on September 30, 2016. *See* Aff. & Proof of Service (Dkt. No. 6); Letter to the Court (Dkt. No. 6-1). On November 4, 2016, Plaintiffs were ordered to obtain a default from the Clerk's Office, which entered default on November 15, 2016. *See* Order (Dkt. No. 7); Request for Entry of Default (Dkt. No. 9); Entry of Default (Dkt. No. 11). On December 2, 2016, Plaintiffs filed the instant Motion for Default Judgment as to Defendant Travel Smart Solutions, LLC. *See* Dkt. Nos. 17, 18. On December 9, 2016, the Court heard oral argument on Plaintiffs' Motion, at which time Defendant failed to appear, and the matter was taken under advisement. *See* Dkt. No. 23. On February 1, 2017, the Court dismissed Defendant Spinnaker Resorts, Inc. pursuant to a Consent Motion to Dismiss. *See* Order (Dkt. No. 33). Defendant Travel Smart Solutions, LLC is the only remaining defendant in the case.

## III. Service of Process, Jurisdiction, and Venue

The docket reflects that Defendant was properly served pursuant to Fla. Stat. § 48.081. *See* Dkt. Nos. 6, 6-1. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1121 and 6104, as Plaintiffs' claims arise under federal law, the Lanham Act, and from an Act of Congress regulating trademarks, unfair competition, and false designations. Compl. ¶ 10 (Dkt. No. 1). The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. *Id.* The Court has personal jurisdiction over Defendant Travel Smart Solutions, LLC. As alleged in the Complaint, through

telemarketing and promotions, Defendant solicits members of the public, including Virginia residents, for sales of vacation and timeshares, and represents that it is affiliated with Plaintiffs' entities headquartered in Virginia. *Id.* ¶ 11. Virginia's long-arm statute authorizes the exercise of personal jurisdiction over Defendant, and Defendant satisfies the minimum contacts test under the Due Process Clause of the Fourteenth Amendment. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). Defendant promotes vacation and timeshare packages to Virginia residents. Compl. ¶ 11 (Dkt. No. 1). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Virginia. *Id.* ¶ 12.

For the foregoing reasons, the undersigned recommends a finding that Defendant was properly served with the Summons and Complaint, and that the Court has subject matter jurisdiction over this action, personal jurisdiction over Defendant, and venue in this Court is proper.

**IV.     Legal Standard**

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in

4

determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)).

## V.      Analysis

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiffs' Memorandum of Law, declaration, and exhibits in support of default judgment establish that Defendant infringed on Plaintiffs' Hilton marks, resulting in unfair competition, false advertising, and tortious interference with business expectancy. Plaintiffs are therefore entitled to default judgment in their favor and relief as detailed below.

### A.      Declaratory & Injunctive Relief

Plaintiffs ask for, and are entitled to, the following injunctive relief that would enjoin and refrain Defendant from (1) falsely representing that its products, services, or business are affiliated with, sponsored by, approved by, authorized by, or originating from Hilton; (2) using the Hilton name or marks or any other trademark imitation in connection with its goods, products, or services not authorized by or originating from Hilton; (3) making any false or misleading statements in promotional materials or telemarking; and (4) committing any deceptive, unlawful, or unfair acts with the intention of confusing consumers that its services are Hilton's services, or otherwise approved by or associated with Hilton. Compl. 18-19 (Dkt. No. 1). Plaintiffs also ask that Defendant be required to: (1) file with the Court and serve upon Hilton's counsel within thirty days after entry of default judgment or issuance of an injunction, a written report under oath regarding compliance with the Court's order on the instant Motion; and

(2) disclose and destroy any confidential or proprietary information or data related to Hilton and its customers. *Id.* at 19-20.

### B. Attorneys' Fees & Costs

Plaintiffs are also entitled to all reasonable attorneys' fees and costs incurred in this action. The Declaration of Brooks H. Spears in Support of Motion for Default Judgment Against Travel Smart Solutions, LLC (Dkt. No. 18-3) establishes that Plaintiffs have incurred $6,301.90 in attorneys' fees and costs.[1] The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights. Accordingly, the undersigned recommends that Plaintiffs be awarded attorneys' fees and costs in full.

### C. Profits, Damages & Interest

Plaintiffs ask for, and the Lanham Act awards to the prevailing party, profits, damages, and interest. *See* Compl. 18-21 (Dkt. No. 1); 15 U.S.C. § 1117. However, Federal Rule of Civil Procedure 54(c) narrows the relief a plaintiff may be granted on a default judgment to the monetary amount demanded in the pleadings. "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat. Pension Fund v. Frank Torrone & Sons, Inc.*, No. CIV.A. 04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also id.* (citing cases); *Glaser v. Hagen*, No. 14-cv-1726, 2016 WL 521454, at *1 n.1 (E.D. Va. Feb. 5, 2016) (denying plaintiff's request for "interest paid on a home equity loan" for failure to plead a specific monetary amount). In this case, Plaintiffs make boilerplate requests for profits, damages, and

---

[1] The Declaration states that Plaintiffs have incurred $6,301.90 in attorneys' fees and costs, whereas the invoice (Dkt. No. 18-4) lists the amount due as $6,301.91. It appears that Plaintiffs made a minor mathematical error in calculating the amount due on the invoice, and the correct amount in attorneys' fees and costs is $6,301.90.

interest that are less specific than the plaintiff's request in *Glaser*.[2] *See* Compl. 18-21 (Dkt. No. 1). Because Plaintiffs do not specify monetary amounts for profits, damages, and interest, the undersigned recommends denying Plaintiffs' request for such relief. *Id.*

## VI. Recommendations

For the foregoing reasons, the undersigned recommends:

1) GRANTING Plaintiffs' Motion for declaratory and injunctive relief;

2) GRANTING Plaintiffs' Motion for attorneys' fees and costs;

and

3) DENYING Plaintiffs' Motion for profits, damages, and interest.

## VII. Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendations to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendations must be filed within fourteen (14) days of service on you of this Report and Recommendations. Failure to file timely objections to this Report and Recommendations waives appellate review of the substance of the Report and Recommendations and waives appellate review of a judgment based on this Report and Recommendations.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

February 3, 2017
Alexandria, Virginia

---

[2] In *Glaser v. Hagen*, the plaintiff requested "interest paid on a home equity loan" in his complaint. However, the court ruled that the plaintiff "did not plead the specific amount of that interest and therefore is not entitled to recovery of that amount by a default judgment." No. 14-cv-1726, 2016 WL 521454, at *1 (E.D. Va. Feb. 5, 2016).